Loeschigk *v.* Bridge.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Welles,* Justices.]

———————◆———————

LOESCHIGK and others *vs.* BRIDGE and BURDICK.

The mere circumstance that a merchant makes a disposition of his property, when he becomes insolvent, and is pressed by creditors, is no conclusive proof that he intends to defraud them.

The fact that because creditors are delayed in the collection of their claims is not of itself sufficient to set aside a sale of property; unless the sale is accompanied by an intent to defraud.

Where the sale is for the full value of the goods, and the proceeds of it are appropriated to the payment of *bona fide* debts, there should be no presumption of fraud.

APPEAL from a judgment dismissing the complaint. The action was brought by the plaintiffs, judgment creditors of Charles Bridge, to set aside an assignment of his property made by him to the defendant Burdick, and two judgments confessed by Bridge in favor of Burdick, on the ground that such assignment and judgments were fraudulent and void as against creditors. The justice before whom the cause was tried at the circuit, without a jury, found the following facts, viz: That the plaintiffs duly recovered against the

defendant Bridge the judgment mentioned in the complaint, at the time therein mentioned, and execution thereon was issued, and returned unsatisfied, as mentioned in the complaint, and that the indebtedness on which said judgment was rendered accrued in September, 1860. That on the 24th April, 1861, the defendant Bridge sold his entire stock of goods to the defendant Burdick, for the sum of $24,072; that on this sale Burdick paid $1000 in cash, and gave his notes for $23,072, payable at an average of sixteen months from date; that at the same time Bridge sold to Burdick bills receivable, and accounts for the sum of $30,000 or $35,000, and received the notes of Burdick payable at twenty-four months, and at an average of sixteen months; that at the time of the sale Bridge was unable to pay his debts, as they matured, and Burdick was aware of the fact—that Burdick was at the time in the employ of Bridge as his book keeper—that on the 17th and 24th June, 1861, two judgments, as mentioned in the pleadings and proofs, one by confession, and one by offer, were entered in this court, in favor of Burdick against Bridge, and executions returned unsatisfied, on the 29th June, 1861, and a receiver, under proceedings supplementary to said executions, was appointed; that the plaintiffs commenced their suit for the debt in question, on the 22d June, 1861, and that judgments were docketed in the office of the clerk of the county of New York, against the said Bridge, on the 10th, 15th, 16th, 27th May, 1861, and 1st June, 1861, respectively.

And as conclusions of law upon the facts, the justice found that the sale of goods and bills receivable, mentioned in the pleadings, was not made to hinder, delay or defraud creditors, but was made in good faith and was valid; that there was no fraud in the sale or transfer of the goods, debts, bills or accounts receivable by Bridge to Burdick; that the defendant Burdick was a man of property adequate to an honest purchase on credit of the stock, debts and bills receivable, and that said Burdick has fully met his obliga-

tions to pay for said stock; that the inducement to purchase by Burdick, was to secure himself for his liabilities for Bridge, and said sale and purchase was fair and honest, and for value received by said Bridge. That the two judgments in favor of Burdick against Bridge, mentioned in the pleadings, were not fraudulent, but valid. And he directed that the complaint be dismissed, with costs, as to the defendant Burdick, and as to the defendant Bridge, without costs.

On the trial no serious effort was made to impeach the actual good faith of the transaction, and the findings fairly presented the naked question: Is an honest sale of a stock of goods for a fair price by a debtor in failing circumstances to "a man in good credit, and of property, adequate to an honest purchase on credit," *ipso facto,* void?

*W. Watson,* for the appellants.

*Samuel E. Lyon,* for the respondent.

*By the Court,* CLERKE, J. We see no reason for disturbing the findings of fact at the special term. The mere circumstance that a merchant makes a disposition of his property, when he becomes insolvent, and is pressed by creditors, is no conclusive proof that he intends to defraud them. His object may be, as it proved to have been in this case, to secure the largest possible amount out of his property to appropriate to the payment of his debts. The notes given by Burdick to Bridge, for his stock, were paid to the creditors of the latter, and realized to them $7315 more than Burdick had realized out of the property, up to the time of trial.

It is a mistake to suppose that because creditors are delayed in the collection of their claims, this of itself is sufficient to set aside a sale of property; unless the sale is accompanied by an intent to defraud. Where the sale is for the full value of the goods, and the proceeds of it are appro-

priated to the payment of *bona fide* debts, there should be no presumption of fraud.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Barnard,* Justices.]